It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the condemnation proceedings be enjoined.

7560

STILL v. WOOD.

WHITTLE v. WOOD.

1. PARTIES—RES JUDICATA—HOMESTEAD.—In an action by a child against the executor of the father for an accounting for the property due it by the father and his executor as its testamentary guardian from the estate of its grandfather, the executor is the only necessary or proper party defendant, there having been no independent possession in the heirs at law, and the heirs at law or devisees under the will are not entitled to have homestead set apart to them out of the lands of the testator sold to satisfy the judgment so obtained by the child, especially since in this case they were made parties on petition of the executors, participated in the litigation and received their part of the surplus proceeds of sale.

2. MINOR—SERVICE OF SUMMONS.—It is not necessary to serve a minor brought into a case then pending by petition of his testamentary guardian with copy of summons and complaint, although he may at the time be residing without the State.

Before WATTS, J., Barnwell, July, 1909.    Affirmed.

Actions by Bowman Still *et al.* against Willie L. Wood *et al.*, and Marcus B. Whittle *et al.* against Willie L. Wood *et al.*  The Circuit decree is:

"These two actions being regularly upon the calendar for Barnwell county at the last term of the Court, were by consent of counsel marked heard and argued before me at Cheraw.  The causes of action in each case are practically the same, and the complaints in each case, briefly stated, allege: That the plaintiffs are the owners of the lands described in the respective complaints; that the said lands

were sold by the master for said county under the judgment roll in the case of Nellie Forrest Wood by her guardian *ad litem,* etc., against J. N. Wood, as executor of W. L. Wood, deceased, *et al.,* bundle 273, roll 4; that the lands described in the Still complaint herein were purchased at said sale by I. F. Still, the ancestor of the plaintiffs, Bowman Still *et al.,* and he dying, the same descended to said plaintiffs as his distributees and heirs at law; whilst the lands described in the Whittle complaint were purchased at said sale by J. D. Whittle, who conveyed to L. E. Whittle, his wife. who in turn conveyed to his cousin, the plaintiff, Mark B. Whittle; that the parties complied with their bids at said sale and received the master's deeds to the lands, and the proceeds of said sale were distributed, in accordance with the terms of the decree rendered in the judgment roll, amongst the plaintiff, Nellie Forrest Wood, and the defendants, Mrs. Willie Wood, Lowther Wood and Haskell Wood; and the said purchasers duly went into possession under the said master's deed; that is to say, the said Still upon the 18th day of February, 1897, and the said J. D. Whittle upon the 18th day of February, 1897; that the master made his reports on said sale, and the same were duly confirmed by this Court; that notwithstanding said facts the defendants, Mrs. Willie L. Wood and Lowther Wood (Haskell Wood being now dead without children) and Nellie Forrest Matheny, filed with the defendant, master, a petition for homestead to be set aside in the said lands to them, and the master proceeding to a compliance with their request, and they having been a party to the previous suit and distribution to said funds, and with the exception of Nellie Forrest Matheny (who was the plaintiff in the original action), being non-residents of this State, the complaints asked for a perpetual injunction against the allotment of homestead, etc., all of which will more fully appear, reference being had to the complaints. The defendants, Mrs. Willis L. Wood and Lowther Wood, being non-residents, were duly served by publication; and

the defendant, Lowther Wood, being an infant above the age of fourteen years at this time, answered by his mother and guardian *ad litem,* duly appointed; and his mother likewise answered for herself, both being represented by Mr. S. G. Mayfield and Mr. B. T. Rice. Their answers, briefly stated, allege: That they are the widow and son of one W. L. Wood, deceased, and that at the time of his death the said W. L. Wood was a citizen of South Carolina; that they are entitled to the homestead sought by reason of the citizenship of the said W. L. Wood, deceased; that the defendant, Mrs. Willie L. Wood, is likewise entitled to her dower in said lands, and that they have been damaged in large sums for rents and profits, waste and wilful detention of one of the tracts and the homestead claimed by them, and that the defendant, Lowther Wood, is entitled to the remainder of said lands after the homestead and dower have been taken out, and that he has likewise been damaged in large sums, etc. The answer of the defendant, Nellie Forrest Matheny, alleges that she is the daughter of the said W. L. Wood by a previous marriage, and that she, being a married woman now, is likewise entitled to share in said homestead, and adopts her co-defendant's answer, and asks for a receiver of said lands pending this suit, etc. The plaintiffs demurred to these answers upon the ground that the same do not constitute defense, in that the claim of homestead, dower and independent title cannot be set up as a defense in this action for injunction, the same being inconsistent and irrelevant to the issues raised in the complaints, and that no damages of the character mentioned could be assessed in this action, being incident to actions in trespass to try title and suits for damages, and are not responsive to the relief sought to be obtained in the complaints for injunctions.

"The decision upon these two actions depends entirely upon the legality and integrity of the proceedings in the judgment of Nellie Forrest Wood, etc., against J. N. Wood, as executor, etc., *et al., supra,* and in view of this matter

it is not necessary for me to decide whether the defenses set up in the answer are demurrable, or whether they are responsive to the issues set up in the complaints, because I am decidedly of the opinion, and so hold, that everybody in these cases are bound by the decrees and judgment rendered in the said case of Nellie Forrest Wood *et al.* v. J. N. Wood, as executor, etc., *et al.*

"In that case Nellie Forrest Wood, at that time a child of tender years, brought a suit against the executor of her father's estate for an accounting for the amounts alleged to be due her by her father and her testamentary guardian, the said J. N. Wood, arising out of her interest in her grandfather's estate. Her suit was primarily filed against the said J. N. Wood, as executor of the will of W. L. Wood, and as her testamentary guardian under said will, the purpose being to recover her said interest by way of rents and profits, or otherwise. In other words, to establish a debt against her father's estate which would have precedence over any disposition of his estate on his part by will or otherwise; and necessarily, upon the establishment of the debt, the estate of her father would be subjected to its payment, either by execution or by the decree of the court of equity. The defendants in the cases at bar contend that before these lands could be sold for the payment of this indebtedness the devisees under the will of W. L. Wood should have been made parties defendant.

"I am inclined to the opinion that they were not necessary or proper parties, and in this impression I am sustained by Pomeroy's Remedies and Remedial Rights, 2d ed., section 354, and by the case of *Hendrix* v. *Holden,* 58 S. C., 495, 36 S. E., 1010. Under these authorities it would appear that a judgment against the executor, as the representative of the testator and as her testamentary guardian, would be sufficient to bind the real estate of the testator in the hands of the executor, and to sell the same for the payment of the indebtedness proved, without the

appearance of the heirs at law, for it is clear that the heirs at law under the will of W. L. Wood were never in possession of the lands of their testator; but the possession thereof was altogether in the executor, and his possession to such extent was the foundation of the suit for accounting. The authorities relied upon by the defendant's counsel do not seem to be applicable to the facts in these cases. They seem to relate entirely to suits for partition and the marshaling of assets. Of course it is elementary that in suits to partition land all parties claiming legal title are necessary parties, either plaintiffs or defendants, and in suits to marshal assets· the legal representatives of the deceased or his creditors alone can maintain the action, and necessarily the heirs at law are the parties defendant. If, therefore, the original action had been to marshal assets, and maintained by the executor, the heirs would have been required to be made parties under the Code because of the juxta position in which the contending parties are placed, and likewise in cases of partition; but this was not such an action, it was merely for the purpose of fixing a liability and to sell the land of the deceased in the enforcement of the liability, the land being in the possession of the executor, the representative of the dead man and the representative of his heirs at law until the settlement of the estate. There has been no independent possession on the part of the heirs, such as would entitle them to express notice by legal process. The evidence is conclusive that at the time of the suit and decision the mother was living in Georgia with her children and the executor had .rented out the premises, collected the rents, which was the foundation of the subsequent effort upon the part of the widow and her children to hold him responsible for the rents and profits of the premises described in the pleadings.

"But the question of the necessity of the heirs at law being made parties does not arise in these cases under my view of the same, because I hold that under the evidence in these

cases and in the previous case the present defendants, Mrs. Willie L. Wood, Lowther Wood, and the deceased Haskell Wood, as well as the defendant, Nellie Forrest Wood (now Matheny), were all parties to the original action, regularly so made, participated in by them, either in their own person or by their regularly appointed guardian *ad litem;* and Mr. Mayfield was their lawyer at that time, and he is their lawyer now; and not only does the fact sustain this conclusion, but all of the presumptions are in favor of the validity of said judgment in said original action and the fact that the infants were regularly made parties to said suit. Nellie Forrest Wood brought the action against the executor and her testamentary guardian. In the midst of the reference her testamentary guardian, the defendant, filed a petition asking that these children, Lowther and Haskell Wood, at that time under fourteen years of age, be made parties defendant in this suit. Their mother, with whom they resided, the defendant, Mrs. Willie L. Wood, also filed her petition on their behalf, praying for the same relief. They were represented by Mr. Mayfield at that time, who made the fight for them, at the same time making a fight against the child by the first marriage, Nellie Forrest Wood, in her contention above stated. These present defendants used the said case in the establishment of their rights. After the decree fixing their rights, which it appears was signed by me, an appeal was taken by Mrs. Wood and her two children and J. N. Wood, executor, to the Supreme Court, in which appeal Mr. Mayfield was their attorney, and the decree of the Court below was affirmed by the Supreme Court in 45 S. C., 590. Subsequently, in ratification and for the purpose of carrying out the said decree originally signed in the said cause, Judge Earle ordered these lands to be sold for the payment of the debt due to the plaintiff, Nellie Forrest Wood, and thereafter to the payment of the judgment found against the defendant, J. N. Wood, in favor of the defendants, Mrs. Willie L. Wood and her said children. There

was no appeal taken from this decision; but the same was acquiesced in, the lands were sold, the present plaintiffs or their privies became the purchasers, paid the money into the hands of the Court, as innocent purchasers without notice, and the said moneys were disbursed by the master, in which disbursement the defendant, Nellie Forrest Matheny, who was the Nellie Forrest Wood in the original action, received payment in full of all her demands against the said estate of her father, and the balance of the money, according to the evidence, was paid over to the said Mrs. Willie L. Wood for herself and as general guardian of her children. Lowther and Haskell Wood, less the fees testified to by Mr. Mayfield and fixed by the Court for his services as their attorney; and in this settlement all parties have acquiesced for more than ten years without objection.

"If there has ever been a case wherein the doctrine of *laches* or equitable estoppel by conduct and otherwise should prevail, it seems to me that such is this case, and I hold that it would be manifestly inequitable under the facts in these cases to permit these defendants to obtain any relief or to enjoy any further benefit out of the lands already sold and for which they have received large sums of money, which they would not have received had said lands not been sold for the purposes of said judgment.

"As to the citizenship of the said W. L. Wood at the time of his death there is no question; but I assume for the purpose of these cases that he was domiciled in Barnwell county at the time of his death; such being the case, the presumption is that his widow and children, although temporarily out of the State, are not deprived of this Court's jurisdiction, and she having petitioned as guardian of her children, and their testamentary guardian as aforesaid having likewise done so, and having become parties defendant upon their own motion, I do not see how they could have been more completely made parties to their suit than they

were. There is a distinction between infants who are involuntarily made parties to a suit and infants under the age of fourteen, who become voluntary parties upon their affirmative petition through their next friend, general or testamentary guardian, to be made parties to an action then pending. It would seem to be a matter of superogation after they had come in and been made parties to a suit on their own motion to have served upon them the summons and complaint, of which they must have had notice through their mother and testamentary guardian, in order to have caused the petition to be filed upon their said behalf. Throughout the entire case they were represented by their guardian *ad litem,* appointed by me after they had become parties to the suit, and they were represented by able counsel throughout. As to the claim, therefore, of homestead and of dower, as set up in the answers of the defendants, I do not think that the same are founded in justice and should prevail; but on the contrary, the plaintiffs having established the facts set forth in their complaints to my satisfaction, I am of the opinion that they are entitled to the relief demanded in their complaint."

From Circuit decree, all defendants appeal.

*Messrs. S. G. Mayfield* and *B. T. Rice,* for appellants, cite: *Defendants were not properly before the Court in the first action:* Code of Proc., 159; *Finley* v. *Roberson,* 17 S.. C.; *Ricker* v. *Vaughn,* 23 S. C.; *Whitesides* v. *Barber,* 24 S. C.,; *Ruff* v. *Elkin,* 40 S. C.; 45 S. C., 334; 3 S. C., 308; *Walker* v. *Veno,* 6 S. C.; *Rollins* v. *Brown,* 37 S. C.; *Rice* v. *Bamberg,* 59 S. C. *Heirs necessary parties:* 60 S. C., 351. *Judgment only conclusive of issue specifically raised:* 23 Cyc., 1317, note 47; 10 Rich. Eq., 1039; 34 Ill., 298; 60 S. C., 351; 18 Am. Dec., 250; 88 Tenn., 355; 23 Cyc., 1241. *Res judicata: Hart* v. *Bates,* 17 S. C.; 49 S. C., 51; *Willis* v. *Tozer,* 54 S. C.; 33 S. C., 514; 21 S. C., 384; 22 S. C., 309. *Estoppel:* 12 S. C., 351; 13 S. C., 295; *Bull* v. *Rowe,* 13 S.

C.; 57 S. C., 518; 59 S. C., 507. *Limitation of actions:* 59 S. C., 507. *Purchasers for value:* 33 S. C., 514.

*Messrs. Bates & Simms* and *H. F. Buist,* contra. *Children not necessary parties to accounting action:* 58 S. C., 495; 27 S. C., 622; 60 S. C., 351. *But if so, they were properly brought in:* 76 S. C., 490; 56 S. C., 108; 40 S. C., 78. *Homestead:* 54 S. C., 88; 27 S. C., 431; 3 Rich. Eq., 281; 9 Rich., 9. *Purchasers for value:* 16 S. C., 282; 18 S. C., 126; 25 S. C., 822; 36 S. C., 36.

April 26, 1910 The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The decree of the Circuit Court, herewith reported, is affirmed for the reasons therein stated.

---

7563

STATE v. AVANT AND BIGHAM.

1. APPEAL—RES JUDICATA.—In a criminal case notice of intention to appeal must be given in writing and is a prerequisite to granting bail after sentence. Where an order granting bail recites that notice of intention to appeal has been given, affidavits to the effect that no notice in writing was served will not be considered.

2. EVIDENCE.—WHETHER TESTS OF HEARING AND SIGHT made some months after a homicide are made under similar circumstances and conditions is within the discretion of the trial Judge.

3. EVIDENCE—CROSS-EXAMINATION.—That a newspaper published certain statements, purporting to come from the family of the deceased, to the effect that they did not desire the defendant prosecuted, should not be elicited under the guise of cross-examination to test the capacity of recollection of the witness.

4. IBID.—IBID.—DISCRETION—DECLARATIONS.—The extent of cross-examination is within the discretion of the trial Judge, and that discretion is not abused in declining to permit defendant to test the credibility